UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| K-POWER GLOBAL LOGISTICS, LLC, a Tennessee Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> PROJECT VERTE, INC., STEVE BULLARD, DAVID HANSON, CHRISTOPHER TALLEY, and DAVID CHAPUIS, <br><br> Defendants. | Civil Action No.: <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff K-Power Global Logistics, LLC ("Plaintiff" or "K-Power"), for its Complaint for Damages against Defendants Project Verte, Inc., Christopher Talley, Steve Bullard, David Hanson and David Chapuis, states as follows:

**JURISDICTION AND VENUE**

1. Plaintiff is a citizen and resident of the State of Tennessee, and is headquartered at 4105 South Mendenhall Road, Memphis, TN 38115.

2. Defendant Project Verte, Inc. is, on information and a belief a Delaware corporation with a principal place of business located at 641 Lexington Avenue, New York, NY 10022.

3. Defendant Christopher Talley is, on information and belief, a citizen and resident of the State of Georgia and employee of Project Verte, Inc.

1

4. Defendant Steve Bullard is, on information and belief, a citizen and resident of the State of Georgia and employee of Project Verte, Inc.

5. Defendant David Hanson is, on information and belief, a citizen and resident of the State of Georgia and employee of Project Verte, Inc.

6. Defendant David Chapuis is, on information and belief, a citizen and resident of the State of Georgia and employee of Project Verte, Inc.

7. Each one of the Defendants referenced above in Paragraphs 4 through 7 of this Complaint are referred to collectively in this lawsuit as "the former Tompkins employees."

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is an action between citizens of different states and no plaintiff is a citizen of the same state as any defendant and the amount in controversy is greater than $75,000 exclusive of costs and interest.

9. This Court has personal jurisdiction over Defendants in this jurisdiction because (1) the lawsuit arises out of the transaction of business in New York by Project Verte and its employees, (2) the lawsuit involves and arises out of tortious acts committed by each one of the Defendants in New York and (3) the jurisdiction can be exercised in a manner and basis consistent with the constitutions of Tennessee and the United States for the exercise of personal jurisdiction.

10. Venue lies in this District under 28 U.S.C. § 1391 because at least one, some or all of the Defendants a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated in this District.

## STATEMENT OF FACTS

11. This lawsuit arises out of the tortious interference by Defendants in contractual expectancies of Plaintiff in connection with warehouse services provided to third parties.

12. Plaintiff was, at all relevant times, part of a commercial venture with Tompkins International, Inc. and Tompkins Fulfillment Services (collectively "Tompkins") subject to a Facility Master Services Agreement dated June 7, 2019 (the "FMSA").

13. Under the FMSA, the parties agreed to work together to provide warehousing, inventory management and other logistics services to customers, and to share in the economic benefits of providing those services for sixty (60) months.

14. In reliance on and in connection with the FMSA, Plaintiff leased warehouse space located at 200 Interstate South Drive, McDonough, Georgia 30253.

15. The FMSA provides that due to the expense incurred by K-Power along with, *inter alia,* intellectual property, confidential information, trade secrets, operating and history and proprietary information disclosed by that K-Power that Tompkins would not compete with K-Power during the term of the agreement or for a year thereafter.

16. Each of the former Tompkins employees worked for Tompkins to support the services provided under the FMSA. In doing so, each of them received confidential and proprietary information during the course of the employment that is protected by the non-competition provisions within the FMSA set forth above in the preceding paragraph of this Complaint.

17. Each of the former Tompkins employees recently left the employment of Tompkins and, on information and belief, is now working for Project Verte and in that capacity,

and actively soliciting clients and customers of K-Power for Project Verte, including but not limited to at least one valuable client in the textiles industry with business worth at least $3 million annually to K-Power.  It is more likely than not that the former Tompkins employees were solicited by Project Verte for employment in part to poach specific clients from K-Power.

18.     Each of the former Tompkins employees was and is, on information and belief, aware of the confidential and proprietary information provided by K-Power to Tompkins and is now using that information to directly compete with K-Power, in violation of the FMSA.

19.     Each of the former Tompkins employees, as agents (either actual or apparent) or employees of either Tompkins or Project Verte, have injured, and are continuing to wrongfully injure K-Power in violation of applicable state laws through (a) poaching, which is a pernicious form of commercial theft, and (b)  intentional and negligent interference with K-Power's valuable business relationships.

20.     Given the gravity of the former Tompkins employees' apparent unlawful conduct and the exposure it presents to Project Verte, Plaintiff believes that this conduct is being undertaken with the corporate approval of, and is being ratified by Senior Management of Project Verte, including but not limited to its co-founder Julian Kahlon and CEO Jane Gol.

## COUNT I
### TORTIOUS INTERFERENCE WITH A CONTRACTUAL EXPECTANCY

21.     Plaintiff restates Paragraphs 1 - 20 as if recited in full.

22.     Defendants, and each of them, are and were aware of an existing business relationship or prospective relationship between Plaintiff and an identifiable class of third parties, to wit, customers being serviced by K-Power under the FMSA.

23. Defendants, and each of them, have specific knowledge of the valuable relationships between Plaintiff and that class of third parties referenced above in Paragraph 22.

24. It is and was the intent of Defendants, and each of them, to cause the breach or termination of those valuable business relationships.

25. Defendants have acted and continue to act with an improper motive and improper means.

26. Plaintiff is and will be damaged by the tortious interference descirbed herein, in an amount to be proven at trial, but no less than $75,000, exclusive of costs, interest and fees.

WHEREFORE, Plaintiff requests entry of judgment in its favor in an amount of actual damages jointly and severally in an amount in excess of $75,000, exclusive of costs and interests and to be proven at trial, punitive damages in an amount sufficient to deter such future wrongful conduict, cost, interests and attorneys to the extent permitted by law.

## COUNT II

### REQUEST FOR TEMPORARY & PERMANENT INJUNCTIVE RELIEF

27. Plaintiff restates Paragraphs 1 - 20 as if recited in full.

28. By reason of Defendants' actions, Plaintiff has suffered and will continue to suffer extreme hardship and actual and impending irreperable injury, loss and damage in that Defendants will be allowed to unlawfully interfere with Plaintiff's prospective business interests and expectancies, using information, data and material protected as confidential and from competition under the FMSA.

29. Plaintiff has no adequate or speedy remedy at law for the conduct of each one of the Defendants, and this action for injunctive relief is Plaintiff's only means for securing relief from the irreparable harm and injury that they have caused and will continue to cause Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court:

1. Issue a temporary restraining order and a preliminary injunction pursuant to Fed. R. Civ. P. 65, ordering Defendants and officers, agents, employees, successors, attorneys, and all those in active concert or participation with them to refrain immediately and pending the final hearing and determination of this action from contacting or doing business customers of K-Power and Tompkins whose business was serviced pursuant to FMSA for a period of no less than one (1) year from the date the Order is entered;

2. Issue a permanent injunction perpetually enjoining and restraining Defendants and officers, agents, employees, successors, attorneys, and all those in active concert or participation with them from contacting or doing business customers of K-Power and Tompkins whose business was serviced pursuant to FMSA for a period of no less than one (1) year from the date the Order is entered;

3. Award to Plaintiff its costs and disbursements, as well as reasonable attorney's fees; and

4. Award to Plaintiff such other and further relief as this court may deem proper.

Dated:  April 23, 2020                                   Respectfully submitted,

                                                          /s/ *John M. Leonard*

                                                         Robert V. Cornish, Jr. (_____)
                                                         Stephen D. Palley (*pro hac vice forthcoming*)
                                                         ANDERSON KILL L.L.P.
                                                         1717 Pennsylvania Avenue, Suite 200
                                                         Washington, DC  20006
                                                         Telephone:  (202) 416-6559/(901) 351-4411
                                                         Facsimile: (202) 416-6555
                                                         Email: rcornish@andersonkill.com
                                                         John M. Leonard
                                                         ANDERSON KILL P.C.

1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1000
Fax: (212) 278-1733
Email: jleonard@andersonkill.com

*Attorneys for Plaintiff K-Power Global Logistics, LLC*